JUNIUS B. GOULD *vs.* WILLIAM GILLIGAN.

Suffolk.   March 7, 1902. — June 18, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Practice, Civil,* Charge.

In an action for injuries caused by horses attached to a cart running away and striking the plaintiff, the counsel for the plaintiff in his argument assumed in accordance with the testimony of the eye-witnesses that the driver was at the tail of the cart when the horses started, and the judge in charging the jury made the same assumption. At the end of the charge the counsel for the plaintiff objected to this assumption and asked the judge to call the jury's attention to the contention of the plaintiff that the driver was not by his cart when the horses started. The only evidence from which the absence of the driver in any way could be inferred was testimony that the driver did not appear on the scene of the accident until fifteen or twenty minutes after it occurred, the place being eight hundred and fifty feet away from where the horses started. The judge refused to charge as requested. *Held,* that the judge was justified in refusing to suggest a new argument in behalf of the plaintiff at the end of the charge especially as there was the merest scintilla of evidence on the subject if there could be said to be any at all.

TORT for personal injuries.   Writ dated November 27, 1896.

At the trial in the Superior Court before *Blodgett,* J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions, which, after the resignation of *Blodgett,* J., were allowed by *Bell,* J.

*E. Lowe,* for the plaintiff, submitted a brief.

*W. G. Thompson,* (*H. F. Hurlburt* with him,) for the defendant.

HOLMES, C. J.   This is an action of tort for personal injuries caused by the running away of a pair of horses with a cart belonging to the defendant and their striking the plaintiff. All the evidence from eye-witnesses as to how the horses came to run away showed that the driver was at the tail of the cart when the horses started, and that they were suddenly frightened by a barrel being rolled against their heels by a boy. There was no evidence that the driver was not there unless by a remote and uncertain inference from the testimony of some witnesses that he did not appear for fifteen or twenty minutes upon the

scene of the accident, which was eight hundred and fifty feet away from the point from which the horses started. Naturally upon such evidence the argument for the plaintiff said nothing about the driver's being away from his horses, but was directed to the way of leaving the reins, to the failure to see the barrel more quickly, and so forth. Naturally also the court in its charge followed the course of the argument and instructed the jury upon the aspects of the case which had been discussed. But at the end of the charge the counsel for the plaintiff objected that the judge had assumed that the driver was by his cart when the horses started, and requested him to call the jury's attention to the position that the driver was not by his cart at that time. The only exceptions are to the refusal of the court to do as requested and to the charge as assuming that the driver was by the horses. The charge left it entirely open to the jury to find that the driver was away, and assumed nothing more than the argument did. If after hearing it the plaintiff's counsel regretted that he had not adopted a different line, or for the first time thought of the possibility of putting his case upon a new ground, he was too late and could not call upon the court to help him. Especially was the judge justified in declining to put forward for the first time at the end of his charge a view of the case for which there was but the merest scintilla of evidence, if it fairly could be said that there was any evidence at all.

*Exceptions overruled.*